IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON MURROW and
KELSEY STORRER,

    Plaintiffs,

v.                                  Case No. 2:14-cv-2471-JTM-KGG

WALGREEN CO. (d/b/a/ WALGREENS),
(an Illinois Corporation)

    Defendant.

**MEMORANDUM AND ORDER**

On September 18, 2014, plaintiffs Aaron Murrow and Kelsey Storrer filed suit against defendant Walgreen Co. (d/b/a Walgreens), an Illinois corporation, for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. (Dkt. 1). In their Complaint, plaintiffs alleged that defendant: (1) failed to pay overtime compensation for all overtime hours worked, and (2) failed to accurately record, report, and/or preserve records of plaintiffs' hours worked. After filing their Complaint, plaintiffs failed to serve defendants within the 120-day timeframe required by Federal Rule of Civil Procedure 4(m). On January 23, 2015, Magistrate Judge Kenneth G. Gale ordered plaintiffs to show cause in writing on or before February 6, 2015, as to why plaintiffs' claims should not be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service

1

be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  An extension "is particularly appropriate where [a] defendant has not been prejudiced by the delay of service and the statute of limitations might bar any refiled action."  *Taylor v. Osawatomie State Hosp.*, 2008 U.S. Dist. LEXIS 13220, at *2 (D. Kan. Feb. 19, 2008) (citing *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273-74 (D. Kan. 2004)).

Plaintiffs submitted a response to the Order to Show Cause on February 5, 2015, ultimately acknowledging their obligation under court rules to execute service within 120 days of filing the Complaint.  Dkt. 7.  However, based on plaintiffs' representations, it appears that the parties have been, and currently are, in deep settlement negotiations, with mediation scheduled for March 2, 2015.  The parties previously agreed that, in order to avoid unnecessary costs while these negotiations continue, plaintiffs would delay on service.  Plaintiffs served defendants on January 23, 2015.  Dkt. 6.  The court finds that plaintiffs' explanation shows good cause.

**IT IS THEREFORE ORDERED** this 11th day of February, 2015, that plaintiffs' claims are allowed to continue.

 s/ J. Thomas Marten
J. Thomas Marten
Chief Judge